```
                IN THE UNITED STATES DISTRICT COURT
                 FOR THE MIDDLE DISTRICT OF GEORGIA
                         COLUMBUS DIVISION


PATRICIA H. BRANCH                  *

        Plaintiff,                  *

vs.                                 *
                                            CASE NO. 4:05-CV-69 (CDL)
LIFE INSURANCE COMPANY OF NORTH     *
AMERICA d/b/a CIGNA GROUP
INSURANCE, a corporation,           *
SOUTHTRUST CORPORATION LONG TERM
DISABILITY GROUP INSURANCE PLAN,    *
SOUTHTRUST BANK, as Plan
Administrator of the SouthTrust     *
Corporation Long Term Disability
Group Insurance Plan, LIFE          *
INSURANCE COMPANY OF NORTH
AMERICA d/b/a CIGNA GROUP           *
INSURANCE, as the named fiduciary
of the SouthTrust Corporation       *
Long Term Disability Group
Insurance Plan, SOUTHTRUST          *
CORPORATION GROUP HEALTH CARE
PLAN, and SOUTHTRUST CORPORATION,*
as Plan Administrator of the
SouthTrust Group Health Care        *
Plan
                                    *
        Defendants.
                                    *
```

O R D E R

This action arises from Defendant Life Insurance Company of North America's ("LINA") denial of long term disability benefits to Plaintiff, Patricia Branch. Based upon LINA's denial of long term benefits, Defendants SouthTrust Bank, SouthTrust Corporation Long Term Disability Group Insurance Plan, SouthTrust Corporation Group Health Care Plan, and SouthTrust Corporation (collectively "SouthTrust") denied Plaintiff continued health care benefits under

the SouthTrust Health Care Plan.  Plaintiff brings this action claiming she is entitled to the recovery of benefits pursuant to the Employee Retirement Income Security Program ("ERISA").  29 U.S.C. § 1132(a)(1)(B).  The parties have filed cross-motions for summary judgment.  Because there are genuine issues of material fact, the parties' motions are denied (Docs. 30, 32, 33).[1]

## BACKGROUND

In 1996, Southtrust Bank in Columbus, Georgia, hired Plaintiff as a vice president and mortgage loan originator.  In 1999, she first sought medical treatment for a variety of symptoms including joint pain, fatigue, sinus infections, nausea, depression, and anxiety. Between 1999 and 2003, Plaintiff was diagnosed by several doctors as having, *inter alia*, fibromyalgia, chronic fatigue syndrome, irritable bowel syndrome, chronic sinus infections, an organic affective disorder, a possible connective tissue disorder, and depression.  As a result of her illnesses, Plaintiff took a leave of absence from SouthTrust beginning on March 6, 2003.  When Plaintiff was unable to return to work in November 2003, SouthTrust terminated Plaintiff's employment.

---

[1] Plaintiff's Motion for Discovery (Doc. 34) and Defendant LINA's Motion to Strike (Doc. 52) are also presently pending before the Court. In reaching its decision on the pending motions for summary judgment, it was not necessary for the Court to consider the evidence that is the subject of these two motions.  Therefore, it is likewise unnecessary at this time to make a decision on the merits of the two motions, and they are accordingly denied as moot.

Plaintiff requested long term disability benefits from LINA on September 10, 2003 because of her organic affective disorder, autoimmune disease, connective tissue disorder, severe joint pain, and fibromyalgia. On October 17, 2003, LINA denied Plaintiff's claim. Plaintiff appealed this denial on December 3, 2003. On June 16, 2004, LINA affirmed its denial of Plaintiff's claim for long term disability benefits based upon an internal review of Plaintiff's medical records. Plaintiff again appealed LINA's denial of benefits on September 22, 2004. On October 7, 2004, LINA issued its final denial of Plaintiff's request for long term disability benefits stating that Plaintiff failed to submit sufficient medical evidence to support her claim that she could not perform her occupation. Plaintiff subsequently filed this appeal pursuant to ERISA on June 30, 2005.

## DISCUSSION

### I. Summary Judgment Standard

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the burden of showing that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). This burden can be met by showing that the non-moving party will be unable to

"establish the existence of an element essential to [the non-moving party's] case, and on which [the non-moving party] will bear the burden of proof at trial. *Id.* at 322. Once the moving party has met its burden, the burden shifts to the non-moving party to show that there *is* a genuine issue of material fact. *Id.* at 324.

## II. ERISA Standard of Review

An employee may bring a civil action under ERISA "to recover benefits due to [her] under the terms of [her] plan." 29 U.S.C. § 1132(a)(1)(B). A denial of benefits under an ERISA plan "is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 115 (1989). If the plan gives discretionary authority to the administrator or fiduciary, and that administrator or fiduciary is working under a conflict of interest, then that conflict must be "weighed as a factor in determining whether there is an abuse of discretion." *Id.* (citations and quotations omitted). Consistent with *Firestone*, the Eleventh Circuit has established three standards of review for a denial of benefits under ERISA: (1) *de novo* review where the administrator is not given discretionary authority; (2) arbitrary and capricious review where the administrator is given discretion; and (3) heightened arbitrary and capricious review where the administrator has discretion but is operating under a conflict of

4

interest.² *Paramore v. Delta Air Lines, Inc.*, 129 F.3d 1446, 1449-50 (11th Cir. 1997).

**III. LINA's Motion for Summary Judgment**

In its Motion for Summary Judgment, Defendant LINA contends that (1) the applicable standard of review is heightened arbitrary and capricious, (2) its decision to deny Plaintiff long term disability benefits was not "wrong," and (3) its decision to deny benefits was reasonable and not tainted by self-interest. Plaintiff responds that (1) the proper standard of review in this case is *de novo*, (2) LINA's decision to deny benefits was legally wrong, and (3) that if this Court applies the heightened arbitrary and capricious standard, LINA's decision was unreasonable. As a threshold matter, the Court must determine whether the heightened arbitrary and capricious or *de novo* standard of review is appropriate in this case. The Court then applies that standard to determine whether LINA's decision to deny Plaintiff long term disability benefits should be reversed. For the following reasons, the Court finds that the appropriate standard of review is heightened arbitrary and capricious. Additionally, the Court finds that there are genuine issues of material fact which make

---

²The heightened arbitrary and capricious standard applies to both plan interpretation and factual determination cases. *Torress v. Pittston Co.*, 346 F.3d 1324, 1329 (11th Cir. 2003). Furthermore, the issue in this case, whether Plaintiff is disabled under the SouthTrust Long Term Disability Group Insurance Plan, involves issues of both plan interpretation and fact. *See, e.g., Shaw v. Conn. Gen. Life Ins. Co.*, 353 F.3d 1276, 1285 (11th Cir. 2003) (explaining that question of whether plaintiff was "totally disabled" was mixed question of plan interpretation and fact) (citations omitted).

5

summary judgment inappropriate. Consequently, Defendant's Motion for Summary Judgment is denied.

> A. <u>Does the Administrator Have Discretion?</u>

The Court must first determine whether LINA had discretionary authority to make the decision on the Plaintiff's claim. This determination is made by examining the plan documents. *Shaw v. Conn. Gen. Life Ins. Co.*, 353 F.3d 1276, 1282 (11th Cir. 2003).

In the present case, the SouthTrust Corporation Long Term Disability Group Policy ("Group Policy") states that "[s]atisfactory proof of Disability must be provided to the Insurance Company, at the Employee's expense, before benefits will be paid." (Group Policy 9.) The "Insurance Company" is defined as "[t]he Insurance Company underwriting the Policy [] named on the Policy cover page," which in this case is LINA. (Group Policy 20.) The Group Insurance Certificate reiterates the Group Policy by requesting that the insured "provide [the Insurance Company] with satisfactory proof of your Disability, at your expense, before benefits will be paid." (Group Insurance Certificate 3.)

The Eleventh Circuit has held that policy language almost identical to that contained in the policy in this case grants the administrator discretionary authority. In *Levinson v. Reliance Standard Life Ins. Co.*, the Eleventh Circuit found, without discussion, that an "administrator [has] discretion to determine eligibility for benefits" under a policy which states that the

6

insured is entitled to benefits if he "submits satisfactory proof of Total Disability to [the insurance company]." 245 F.3d 1321, 1325, 1324 (2001). Recently, in *Tippitt v. Reliance Standard Life Ins. Co.*, the Eleventh Circuit addressed a plan with identical language. 457 F.3d 1227, 1230 (11th Cir. 2006). There the court explained that although the insured in *Levinson* did not argue for *de novo* review, the court is bound to apply the same standard of review to the identical plan language. *Id.* at 1233-34. Consequently, the court applied the heightened arbitrary and capricious standard of review.

The language that the Eleventh Circuit construed to confer discretion requires the insured to "submit satisfactory proof of Total Disability to the [insurance company]." The language in Plaintiff's policy requires that "[s]atisfactory proof of Disability must be provided to the Insurance Company." Although the wording is not identical, it is practically indistinguishable from the language in *Levinson* and *Tippitt*. Accordingly, it is clear that the policy in the present case confers discretion upon the administrator. Since there is a conflict of interest, the Court must apply the heightened arbitrary and capricious standard of review.³

---

³The Court acknowledges that the majority of the other circuits appear to disagree with the Eleventh Circuit and have construed language similar to that contained in the present case *not* to confer discretion upon the insurance company. Those circuits distinguish language that requires that an insured submit to an insurance company "satisfactory proof," such as what is contained in the present case, with language that unambiguously requires that an insured submit proof that is "satisfactory

7

B. <u>Heightened Arbitrary and Capricious Standard</u>

Under the heightened arbitrary and capricious standard of review, the Court must first determine if LINA's decision to deny benefits was *de novo* "wrong."[4] *HCA Heath Servs.*, 240 F.3d at 993. A decision is "wrong" if, after reviewing the plan documents, disputed terms, and factual determinations, "the court disagrees with

---

to the insurance company." *See, e.g., Brigham v. Sun Life of Can.*, 317 F.3d 72, 81 (1st Cir. 2003) ("Circuits that have considered similar language view the 'to us' after 'satisfactory' as an indicator of subjective, discretionary authority on the part of the administrator, distinguishing such phrasing from policies that simply require 'satisfactory proof' of disability without specifying who must be satisfied."); *Nance v. Sun Life Assurance Co. of Can.*, 294 F.3d 1263, 1267 (10th Cir. 2002) ("[W]e distinguish this language—in particular, the words 'satisfactory to Sun Life'—from language in other plans that requires only submission of satisfactory proof, without reference to who must be satisfied."). *Gallagher v. Reliance Standard Life Ins. Co.*, 305 F.3d 264, 269 (4th Cir. 2002) (finding "submits satisfactory proof of Total Disability to us" to be ambiguous, and consequently applying a *de novo* standard of review); *Walke v. Group Long Term Disability Ins.*, 256 F.3d 835, 839-40 (8th Cir. 2001) (same); *Herzberger v. Standard Ins. Co.*, 205 F.3d 327, 332 (7th Cir. 2000) (holding that "the mere fact that a plan requires a determination of eligibility or entitlement by the administrator, or requires proof or satisfactory proof of the applicant's claim, . . . does not give the employee adequate notice that the plan administrator is to make a judgment largely insulated from judicial review by reason of being discretionary"); *Kinstler v. First Reliance Standard Life Ins. Co.*, 181 F.3d 243, 251-52 (2d Cir. 1999) (finding "submits satisfactory proof of Total Disability to us" to be "insufficient to preclude *de novo* review"); *Kearney v. Standard Ins. Co.*, 175 F.3d 1084, 1089-90 (9th Cir. 1999) (finding "upon receipt of satisfactory written proof that you have become DISABLED" to be subject to three reasonable interpretations, and consequently applying a *de novo* standard of review); *But see Perez v. Aetna Life Ins. Co.*, 150 F.3d 550, 555-57 (6th Cir. 1998) (holding that "[w]ritten proof of total disability must be furnished to [Aetna]" confers discretion upon Aetna).

[4]LINA is a fiduciary under ERISA in that it "exercises [] authority or control respecting management or disposition of [the plan's] assets." 29 U.S.C. § 1002(21)(A). The same standard of review is applicable to either an administrator or fiduciary. *HCA Health Servs.*, 240 F.3d at 993 n.20 (citations omitted).

the claims administrator's [decision]." *Id.* at 993 n.23. If the Court determines that LINA's decision was "wrong," the Court then must "determine whether 'reasonable' grounds supported [the decision] (hence, review [the] decision under the more deferential arbitrary and capricious standard)." *Williams v. BellSouth Telecomms., Inc.*, 373 F.3d 1132, 1138 (11th Cir. 2004). If the decision is not reasonable, the Court reverses the decision. *Id.*

If, however, the decision is *de novo* "wrong" but reasonable, the Court then must determine whether the insurance company "operated under a conflict of interest." *Id.* If there is a conflict, the fiduciary's decision is "not necessarily entitled to deference." *HCA Health Servs.*, 240 F.3d at 994. A decision which "advances the conflicting interest of the administrator [or fiduciary] at the expense of the claimant" is not entitled to deference. *Williams*, 373 F.3d at 1138. On the other hand, "if the [fiduciary] can demonstrate a routine practice or give other plausible justifications [for a plan interpretation]—such as benefitting the interests of other beneficiaries—judicial deference to it may be granted." *Id.* Additionally, in a factual determination case, a fiduciary

> may carry its burden in a suit challenging a 'wrong but reasonable' . . . determination if it can demonstrate that the opinions and evidence it relied [up]on in denying the plaintiff's claim were, viewed from a qualitative and quantitative perspective, at least as objectively reliable as the countervailing opinions and evidence then before it.

9

*Wise v. Hartford Life & Accident Ins. Co.*, 360 F. Supp. 2d 1310, 1323 (N.D. Ga. 2005).

Based upon the Court's review of the administrative record, the Court finds that genuine issues of material fact exist to be tried. Consequently, summary judgment is inappropriate. Defendant LINA's Motion for Summary Judgment is therefore denied.

**IV. SouthTrust's Motion for Summary Judgment**

SouthTrust moves for summary judgment claiming that it is not a proper Defendant in this action and that Plaintiff is not entitled to benefits under the SouthTrust Corporation Group Health Care Plan. Plaintiff responds that SouthTrust is a proper party, that she is entitled to coverage under the SouthTrust Group Health Care Plan, and that she is entitled to continuation of coverage through the Wachovia Health Plan.[5]

First, SouthTrust is a proper party to this action concerning the denial of benefits under the SouthTrust Corporation Group Health Care Plan. Under the Group Health Care Plan, SouthTrust is the administrator, SouthTrust makes claims determinations, and the plan is self-insured. (Group Health Care Plan 9.) Concerning Plaintiff's claim for the denial of long term disability benefits, the record is

---

[5]Wachovia Corporation assumed sponsorship of the SouthTrust Group Health Care when it acquired SouthTrust Corporation in 2004. Wachovia agreed to the "extension of benefits under the Health and Welfare Plans to former employees of SouthTrust who meet the eligibility requirements for the Health and Welfare Plans effective January 1, 2005." (SouthTrust's Mot. for J. on the Administrative R. & Mem. in Supp. Ex. 7)

unclear as to whether SouthTrust exercised any "discretion, responsibility or control over the administration of the Plan." *Garren v. John Hancock Mut. Life Ins. Co.*, 114 F.3d 186, 187 (11th Cir. 1997). The Court finds that a genuine issue of material fact exists as to whether SouthTrust is a proper Defendant on the claim for long term disability benefits. *Id.*

Second, the Court finds that there are genuine issues of material fact as to whether Plaintiff is entitled to health care benefits under the SouthTrust Corporation Group Health Care Plan. SouthTrust denied Plaintiff continued health care benefits under the Group Health Care Plan based upon LINA's denial of long term disability benefits. The Group Health Care Plan provides for continued coverage under the plan until age 65 "[i]f you become totally disabled while an active employee and qualify for the SouthTrust Long-Term Disability Plan." (Group Health Care Plan Summary Plan Description 6.) The Court agrees that this language unambiguously conditions the continuation of group health care benefits on the determination that Plaintiff is disabled under the Long Term Disability Group Policy. Therefore, since there are questions of fact as to whether Plaintiff is entitled to long term disability benefits under the Group Policy, there are questions of fact remaining as to whether Plaintiff is entitled to continued group health care benefits.

SouthTrust argues that even if LINA's decision to deny Plaintiff long term disability benefits was incorrect, Plaintiff is not now entitled to group health care benefits because she "had not satisfied the criteria for eligibility for benefits at the time the benefits were denied." (SouthTrust's Mot. for J. on the Administrative R. & Mem. in Supp. 10.) This argument is without merit. If Plaintiff was entitled to long term disability benefits in March 2003, she did meet the eligibility criteria for the Group Health Care Plan at the time the benefits were denied.

The Court also rejects SouthTrust's contention that since Plaintiff was not an active or covered employee at the time the Group Health Care Plan was terminated, she is not entitled to a continuation of coverage under the Wachovia Health Plan. If Plaintiff was entitled to long term disability benefits before January 1, 2005, she would have been entitled to the extension of health care benefits by Wachovia Corporation. There is therefore a question of fact as to whether Plaintiff was entitled to continued health care benefits under the Wachovia Health Plan.

Based on the foregoing, SouthTrust's Motion for Summary Judgment is denied.

## V. Plaintiff's Motion for Summary Judgment

Plaintiff moves for summary judgment as to the denial of long term disability benefits and health care benefits. For the reasons discussed *supra*, the Court finds that there are genuine issues of

12

material fact concerning Plaintiff's claims. Plaintiff's Motion for Summary Judgment is therefore denied.

CONCLUSION

The parties' motions for summary judgment are denied (Docs. 30, 32, 33). Additionally, Plaintiff's Motion for Discovery (Doc. 34) and Defendant LINA's Motion to Strike (Doc. 52) are denied as moot.

In light of the denial of the parties' motions for summary judgment, the Court must decide this case on the merits as the fact finder. The parties shall file motions and/or briefs within fourteen days of today's ruling setting out their positions as to whether an evidentiary hearing is necessary or whether the Court can decide the case as the fact finder based upon the present record.

IT IS SO ORDERED, this 16th day of February, 2007.

                                     S/Clay D. Land
                                       CLAY D. LAND
                      UNITED STATES DISTRICT JUDGE